UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHRISTINE DOYLE | : | DOCKET NO. 2:16-cv-326 |
| VERSUS | : | JUDGE MINALDI |
| ARCH INSURANCE CO., ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand and Motion for Attorney's Fees [doc. 14] filed by plaintiff Christine Doyle ("Doyle"). The motion is opposed by defendants Progressive Waste Solutions of LA, Inc. ("Progressive") and Arch Insurance Company ("Arch"). For reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED** and the Motion for Attorney's Fees be **DENIED**.

## I.
### BACKGROUND

This action arises from an automobile accident that occurred in Sulphur, Louisiana, on January 29, 2015. Doc. 1, att. 1, pp. 1–2. A collision occurred between a vehicle driven by Doyle and one belonging to Progressive and driven by Progressive employee Ethan Navarre ("Navarre"). *Id.* Doyle alleges that she suffered injury in the accident and brought suit against Progressive, Navarre, and Arch in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on January 27, 2016. *Id.* at 1.

On March 10, 2016, Arch removed the case to this court with the consent of Progressive, alleging federal jurisdiction on the basis of diversity. Doc. 1. In its Notice of Removal Arch pointed

out that Doyle is a resident of Louisiana while Arch claims citizenship in Missouri and New Jersey and Progressive in Delaware and Texas. *Id.* at 3. Arch made no allegations relating to the citizenship of Navarre, who has not been served to date. *See* Doc. 16, att. 5.

Doyle moved to remand the case on April 7, 2016. Doc. 14. She asserts that there is no diversity jurisdiction as Navarre is also a resident of Louisiana. *Id.* at 2–3. She also alleges that removal violates the forum defendant rule, as Navarre is a resident of the forum state. *Id.* at 3. In return the defendants assert that Navarre's citizenship cannot defeat removal jurisdiction or create grounds for a forum defendant rule violation because Navarre was never served. Doc. 24, p. 1. They also contend that there is no possibility of recovery against Navarre. Doc. 23, pp. 1–2.

Before ruling on this motion, we granted the plaintiff 30 days to establish Navarre's citizenship and allowed 15 days thereafter for the defendants to respond. Doc. 25. The plaintiff complied on June 8, 2016, providing proof of service and an affidavit from a private investigator showing that Navarre is a Louisiana resident and has been from the time of the accident onward. Doc. 29; doc. 30, att. 1. The defendants have filed no response and the time for doing so has passed.

## II.
### LAW & ANALYSIS

### A.  Motion to Remand

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### 1.   Lack of Service

The citizenship of a defendant cannot be ignored just because that defendant has not been served. "Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Therefore the fact that Navarre had not been served when this suit was removed has no bearing on whether his citizenship may be considered in determining whether diversity jurisdiction existed.

### 2.   Improper Joinder

Arch alleged in the Notice of Removal that "all properly joined and served defendants" are diverse from the plaintiff. Doc. 1, p. 3. If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here, as defendants do not allege actual fraud in the pleading of jurisdictional facts. Thus the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

The burden of persuasion on a party asserting improper joinder is a "heavy one." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009); *see also B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981); *Scott v. Chevron U.S.A., Inc.*, 824 F. Supp. 613, 614 (N.D. Miss. 1993). All factual allegations are evaluated in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

Here Arch alleges that Navarre can be disregarded as he is "not a necessary party to the litigation because he is only insured via Progressive Waste's policy with Arch and it is alleged and admitted that Progressive Waste as employer of Navarre is insured for the alleged liability of its employee in the course and scope of his employment." Doc. 23, p. 2. In support of this contention Arch cites FED. R. CIV. P. 19, which sets the criteria for required joinder of parties. However, the question here is not whether Navarre is a required party. Instead, it is whether the plaintiff has a possibility of recovery against him.

It is alleged and admitted that Progressive's insurance policy with Arch covers negligent acts by Progressive employees, and that under this policy Arch fully indemnifies both Navarre and Progressive. Doc. 1, att. 1, pp. 3–4; doc. 23, p. 2. However, Navarre's alleged negligence still forms a basis for liability, meaning that the defendants cannot show that there is no possibility of recovery against him. *See* La. Civ. Code art. 2315. Accordingly, Navarre was not improperly joined in this matter and his presence in the suit defeats this court's diversity jurisdiction. Because we lack jurisdiction over the case, we need not consider the procedural defects alleged in the removal under the forum defendant rule.

**B.  Motion for Attorney's Fees**

An award of attorney's fees on a Motion to Remand is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes,* 199 F.3d at 293). The removal in this case was not objectively unreasonable as Navarre had not been located and so his citizenship remained unestablished at the time of removal. Accordingly, the Motion for Attorney's Fees should be denied.

### III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Remand [doc. 14] be **GRANTED** and Motion for Attorney's Fees [doc. 14] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 18 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE